**UNITED STATES DISTRICT COURT**
**SOUTHERN DISSTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO:** 1:20-CV-24740

**CHRISTY LYN CAMPBELL**,

   Plaintiff,

**NCL (BAHAMAS) LTD., a Bermuda Corporation,**
**individually and d/b/a NORWEGIAN CRUISE LINE,**
**a Foreign Profit Corporation**,

   Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

   **COMES NOW**, Plaintiff, CHRISTY LYN CAMPBELL, by and through her undersigned attorney, and hereby files her Complaint against Defendant, NCL (BAHAMAS) LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINE, and states that:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. This is an action for damages that exceed $75,000.00, exclusive of attorney's fees and costs.

2. Plaintiff, CHRISTY LYN CAMPBELL, (hereinafter referred to as 'CAMPBELL') is a resident of Jacksonville Beach, Duval County, Florida, and is in all ways sui juris.

3. At all times material hereto, Defendant, NCL (BAHAMAS) LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINE (hereinafter referred to as 'NCL') was a foreign corporation licensed to conduct business in the State of Florida, and did conduct business in Florida as NORWEGIAN CRUISE LINE, providing cruise ship voyages to paying passengers, and owned and/or operated a cruise ship known as the M/V *Norwegian Pearl.*

4. Jurisdiction is proper in this Court under 28 U.S.C. 1333, which provides original jurisdiction to United States District Courts exclusive of state courts of "any civil case of

1

admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled", and pursuant to Article III, Section 2 of the U.S. Constitution.

5. Venue is proper in the Southern District of Florida in that Defendant's principal place of business is in Miami, Florida, and this action is governed by a forum selection clause which provides that all suits will be brought in federal court in Miami, Florida.

6. Defendant has agreed, in writing, that jurisdiction and venue are proper in the Southern District of Florida under the terms of the cruise ticket tendered by Defendant to Plaintiff. A copy of said cruise ticket is in the possession of Defendant, NCL.

7. At all material times, Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/V *Norwegian Pearl.*

8. At all material times, including the accident date of November 20, 2019, Plaintiff was a fare paying passenger aboard the M/V *Norwegian Pearl*, which sailed from and returned to the Port of Miami, and in that capacity was lawfully present aboard the vessel.

9. Upon information and belief, Defendant's, NCL, crewmembers have a regular duty to inspect the passenger accessible areas aboard NCL's vessels, including the staterooms and stateroom balconies, aboard Defendant's vessel, the M/V *Norwegian Pearl*.

10. On or about November 20, 2019, Plaintiff, Ms. CAMPBELL, exited her stateroom and went out to her stateroom balcony to enjoy the view aboard Defendant's vessel, the M/V *Norwegian Pearl*, when she pulled a small table toward her on the balcony and the poorly designed, defective, damaged, and/or unreasonably top heavy table fell over and stuck Ms. CAMPBELL's foot, causing her to sustain significant injuries.

11. Plaintiff, Ms. CAMPBELL, was seriously injured as a result of the table falling onto her

2

foot on her stateroom balcony aboard Defendant's vessel, the M/V *Norwegian Pearl.*

## COUNT I - NEGLIGENCE

12. At all times material hereto, while Plaintiff was a passenger aboard Defendant's, NCL's, vessel, the M/V *Norwegian Pearl*, Defendant owed a "duty to exercise reasonable care for the safety of its passengers," including Plaintiff herein. *See, Hall v. Royal Caribbean Cruises, Limited,* 2004 WL 1621209 (Fla. 3d DCA 2004). Defendant also owed a 'duty to exercise reasonable care under the circumstances.' *See, Harnesk v. NCL, Inc.,* 1991 WL 329584 (S.D. Fla. 1991).

13. Defendant's duty to maintain all areas and features of the subject vessel, including the stateroom balcony and its furnishing, aboard Defendant's vessel, the M/V *Norwegian Pearl*, is part of Defendant's duty of reasonable care under the circumstances. The duty to maintain all areas and features of the subject vessel, including the stateroom balcony and its furnishing, includes a duty to properly design, regularly inspect, maintain, and repair the stateroom balcony and its furnishing.

14. Plaintiff, NCL, breached its duty to Plaintiff by:

    a. Failing to provide a reasonably safe means of using the stateroom balcony and its furnishing aboard Defendant's vessel, the M/V *Norwegian Pearl*;

    b. Allowing a dangerous condition(s) to exist upon its vessel's stateroom balcony and its furnishing. To wit, the poorly designed, defective, damaged, and/or unreasonably top heavy table, aboard Defendant's vessel, the M/V *Norwegian Pearl*;

    c. Failing to warn passengers, including the Plaintiff, of the hidden or latent dangerous condition(s). To wit, the poorly designed, defective, damaged, and/or unreasonably top heavy table, aboard Defendant's vessel, the M/V *Norwegian Pearl*;

    d. Failing to avoid, eliminate, and correct the dangerous condition(s) on its vessel. To wit, the poorly designed, defective, damaged, and/or unreasonably top heavy table, aboard Defendant's vessel, the M/V *Norwegian Pearl*;

e.  Failing to provide or direct adequate crew to maintain stateroom balconies and their furnishings, aboard Defendant's vessel, the M/V *Norwegian Pearl*;

f.  Providing negligent emergency assistance which aggravated Plaintiff's injuries; and

g.  Other acts of negligent yet to be discovered.

15. Additionally, at all times material hereto, while Plaintiff was a passenger aboard Defendant's, NCL's vessel, the M/V *Norwegian Pearl*, Defendant had a duty to warn its passengers, including Plaintiff herein, of dangerous conditions about which Defendant knew or should have known in the exercise of reasonable care.

16. Defendant either (a) itself created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition and failed to correct the condition; and/or (c) had constructive knowledge of the dangerous condition where, upon information and belief, the Defendant's crewmembers were charged with properly designing, regularly inspecting, maintaining, and repairing the stateroom balconies and their furnishings aboard Defendant's vessel, the M/V *Norwegian Pearl*.

17. Defendant failed to warn Plaintiff, Ms. CAMPBELL, of the dangerous conditions about which Defendant, NCL, knew or should have known in the exercise of reasonable care.

18. As a proximate result of Defendant's negligent failure to maintain that portion of the stateroom balcony area, and Defendant's failure to warn Plaintiff of the dangerous conditions about which it knew or should have known on or about November 20, 2019, Plaintiff, Ms. CAMPBELL, severely injured her body.

19. Defendant's negligence created a hazardous condition to its passengers, and to Plaintiff, and was known to Defendant, or had existed for a sufficient length of time such that Defendant should have known of it, or that such injuries occur with such frequency on

stateroom balconies and with other similar furnishings on similar areas of Defendant's, NCL, vessels so as to constitute prior notice to Defendant, NCL, of that condition.

20. As a direct and proximate result of Defendant's negligence and Plaintiff's resulting incident, Plaintiff, CHRISTY LYN CAMPBELL, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, CHRISTY LYN CAMPBELL, demands judgment for the stated damages, interest and costs against Defendant, NCL (BAHAMAS) LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINE, a trial by jury on all issues so triable, and any such other relief this Court deems just and proper.

## <u>COUNT II – NEGLIGENT FAILURE TO MAINTAIN</u>

21. At all times material hereto, while Plaintiff was a passenger aboard Defendant's, NCL, vessel, the M/V *Norwegian Pearl*, Defendant owed a "duty to exercise reasonable care for the safety of its passengers," including Plaintiff herein. *See, Hall v. Royal Caribbean Cruises, Limited,* 2004 WL 1621209 (Fla. 3d DCA 2004). Defendant also owed a 'duty to exercise reasonable care under the circumstances.' *See, Harnesk v. NCL, Inc.,* 1991 WL 329584 (S.D. Fla. 1991).

22. Defendant's duty to maintain all areas and features of the subject vessel, including the stateroom balcony and its furnishing, aboard Defendant's vessel, the M/V *Norwegian Pearl*, is part of Defendant's duty of reasonable care under the circumstances. The duty to maintain all areas and features of the subject vessel, including the stateroom balcony and its furnishing, includes a duty to properly design, regularly inspect, maintain, and repair

the stateroom balcony and its furnishing.

23. Upon information and belief, Defendant's, NCL, crewmembers failed to inspect, maintain, repair, furnish, and otherwise maintain the stateroom balconies and their furnishings, aboard Defendant's vessel, the M/V *Norwegian Pearl*.

24. Defendant either (a) itself created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition through prior history of cleaning, repairing, inspecting, designing, and maintaining the stateroom balconies and their furnishings, and/or had employees charged with regularly cleaning, repairing, inspecting, and maintaining the stated areas.

25. As a proximate result of Defendant's negligent failure to maintain that the stateroom balcony and its furnishings assigned to Ms. CAMPBELL on or about November 20, 2019, Plaintiff, Ms. CAMPBELL, severely injured her body.

26. Defendant's negligence created a hazardous condition to its passengers, and to Plaintiff, and was known to Defendant, or had existed for a sufficient length of time such that Defendant should have known of it, or that such injuries occur with such frequency on stateroom balconies and with other similar furnishings on similar areas of Defendant's, NCL, vessels so as to constitute prior notice to Defendant, NCL, of that condition.

27. As a direct and proximate result of Defendant's negligence and Plaintiff's resulting incident, Plaintiff, CHRISTY LYN CAMPBELL, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, CHRISTY LYN CAMPBELL, demands judgment for the stated damages, interest and costs against Defendant, NCL (BAHAMAS) LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINE, a trial by jury on all issues so triable, and any such other relief this Court deems just and proper.

## COUNT III – NEGLIGENT FAILURE TO WARN

28. At all times material hereto, while Plaintiff was a passenger aboard Defendant's, NCL, vessel, the M/V *Norwegian Pearl*, Defendant had a duty to warn its passengers, including Plaintiff herein, of dangerous conditions about which Defendant knew or should have known in the exercise of reasonable care.

29. The stateroom balconies and their furnishings aboard Defendant's vessel, the M/V *Norwegian Pearl*, are poorly designed, defective, damaged, improperly inspected, improperly maintained, and improperly repaired such that the stateroom balconies and their furnishing were dangerous to passengers, including Plaintiff, Ms. CAMPBELL.

30. Defendant either (a) itself created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

31. Defendant breached its duty and failed to warn Plaintiff, Ms. CAMPBELL, of the dangerous conditions about which Defendant, NCL, knew or should have known in the exercise of reasonable care, in that, injuries occur with such frequency on that deck's stairways and other similar decks' stairways of Defendant's, NCL, vessels so as to constitute prior notice to Defendant, NCL, of that condition.

32. As a proximate result of Defendant's negligent failure to warn Plaintiff of the dangerous conditions about which it knew or should have known on or about November 20, 2019,

Plaintiff, Ms. CAMPBELL, fell and severely injured her body.

33. Defendant's failure to act created a hazardous condition to its passengers, and specifically to the Plaintiff, and such condition was known to Defendant, or had existed for a sufficient length of time such that Defendant should have known of it, and that similar slips and falls occur with such frequency on stateroom balconies and with other similar furnishings on similar areas of Defendant's, NCL, vessels so as to constitute prior notice to Defendant, NCL, of that condition.

34. As a direct and proximate result of Defendant's negligent failure to warn Plaintiff of a dangerous condition about which it knew or should have known and Plaintiff's resulting incident, Plaintiff, CHRISTY LYN CAMPBELL, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, CHRISTY LYN CAMPBELL, demands judgment for the stated damages, interest and costs against Defendant, NCL (BAHAMAS) LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINE, a trial by jury on all issues so triable, and any such other relief this Court deems just and proper.

Respectfully submitted this 17th day of November 2020.

> Frank D. Butler, Esq.
> FBN:  940585
> fdblawfirm@aol.com
> Kelly Ann L. May, Esq.
> FBN:  59286
> kmay@fightingforfamilies.com
> Frank D. Butler, P.A.
> 10550 US Highway 19 North
> Pinellas Park, FL 33782
> Phone: 727-399-2222

Fax: 727-399-2202
Service: courtdocserve@fdblawfirm.com
Second: jseigler@fightingforfamilies.com
*Attorneys for Plaintiff*

***/s/ Kelly Ann L. May, Esquire***
Kelly Ann L. May, Esq.